## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## EASTERN DIVISION

ROBERT VAUGHAN                                                                PETITIONER
Reg. #46688-424

V.                                        NO. 2:19-CV-00046-DPM-JTR

DWAYNE HENDRIX,
Warden, FCI-Forrest City Low                                        RESPONDENT

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to Chief United States District Judge D. P. Marshall Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the entry of this Recommendation. The failure to timely file objections may result in waiver of the right to appeal questions of fact.

### I. Introduction

Pending before the Court is a 28 U.S.C. § 2241 Petition for a Writ of Habeas Corpus filed by Petitioner, Robert Vaughan ("Vaughan"). *Doc. 1*. Vaughan is in the custody of the Bureau of Prisons ("BOP") at the Federal Correctional Institution-Low in Forrest City, Arkansas.

1

On April 13, 2016, Vaughan was sentenced in the Northern District of Illinois to a 90-month term of imprisonment following his guilty plea to attempted robbery. *See United States v. Robert Vaughan*, Case No. 1:14-cr-00639 (N.D. Ill.).

On April 18, 2018, Vaughan filed the § 2241 habeas Petition now before the Court. Vaughan contends the BOP improperly classified him as a violent offender, resulting in a "Greatest Severity" Public Safety Factor ("PSF"). As a result, Vaughan is ineligible for assignment to a camp facility, or other more desirable custody placement. *Doc. 8 at p. 2*.

On May 24, 2019, Respondent filed a Motion to Dismiss in which he argues that: (1) Vaughan's challenge to his PSF classification is not cognizable under § 2241; (2) Vaughan has failed to demonstrate that he is entitled to the benefit of the savings clause of 28 U.S.C. § 2255(e); and (3) Vaughan has no liberty interest under the United States Constitution to support a due process challenge to the BOP's PSF determination. *Doc. 3*. On August 9, 2019, Vaughan filed a Reply. *Doc. 8*.

The Court agrees with Respondent that Vaughan's claim is not cognizable under § 2241.[1] Thus, Respondent's Motion to Dismiss should be granted.

---

[1] Accordingly, it is unnecessary to resolve Respondent's other arguments, except to note that it would be futile to convert Vaughan's challenge to his PSF designation to a *Bivens* action. *See* footnote 3, *infra*.

## II. Discussion

Habeas corpus is the exclusive remedy when a claim "goes directly to the constitutionality of [a prisoner's] physical confinement itself and seeks either immediate release from that confinement or the shortening of its duration." *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973). A civil rights complaint, on the other hand, "is a proper remedy for a . . . prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody." *Id*. at 499. If a habeas petitioner is *not* challenging the validity of his criminal conviction or sentence, or the length of his confinement, a habeas court lacks jurisdiction to grant relief. *Spencer v. Haynes*, 774 F.3d 467, 469-70 (8th Cir. 2014) (use of restraints); *Kruger v. Erickson*, 77 F.3d 1071, 1073-74 (8th Cir. 1996) (taking of blood sample) ("Where a petitioner seeks a writ of habeas corpus and fails to attack the validity of his sentence or the length of his state [or federal] custody, the district court lacks the power or subject matter jurisdiction to issue a writ.").

Vaughan's challenge to the BOP's classification decision is not cognizable under 28 U.S.C. § 2241 because it does *not* attack the duration of his confinement or the constitutionality of his detention. Even if Vaughan were successful in removing his "Greatest Severity" PSF and obtaining a more favorable classification, it would not impact the *duration* of his confinement. Instead, it would potentially impact *where* he is assigned to serve the remainder of his sentence. Thus, properly

3

characterized, Vaughan is asserting a conditions of confinement claim that is *not* cognizable in a habeas action. *See Rodebaugh v. Haynes*, No. 2:13-cv-00011-DPM-BD, 2013 WL 1001436 (E.D. Ark. March 13, 2013) (Order adopting Recommended Disposition and dismissing, for lack of habeas corpus jurisdiction, Rodebaugh's § 2241 Petition challenging the BOP's Sex Offender PSF designation); *Butler v. Outlaw*, No. 2:08-cv-00192-JLH/JTR, 2010 WL 1417910 (E.D. Ark. April 6, 2010) (Order adopting Recommended Disposition concluding petitioner's due process challenge to his Sex Offender PSF failed to state a cognizable § 2241 claim, especially since the only adverse consequences alleged were inability to participate in certain programs and ineligibility for transfer to a camp facility).[2]

### III. Conclusion

The Court lacks subject matter jurisdiction to consider the claim Vaughan has raised in this § 2241 habeas Petition.[3]

---

[2] *See also Levi v. Ebbert*, 2009 WL 2169171 (M.D. Pa. 2009) (§ 2241 habeas petitioner who claimed that the BOP's Public Safety Factor calculation violated his due process rights failed to state a habeas claim: Petitioner's claim was in substance a conditions of confinement claim cognizable in a civil rights lawsuit, and "not cognizable in a § 2241 habeas petition") (unpublished decision); *Pinkney v. United States Dep't of Justice*, 2009 WL 277551 (N.D. W.Va. 2009) (§ 2241 habeas petitioner's claim that the BOP improperly assigned higher Public Safety Factor scores to District of Columbia inmates was not cognizable in a habeas action: "Because the remedy to this challenge would be a recalculation of [the petitioner's] security level, rather than a recalculation of the duration of his confinement ... the claim properly should be raised in a civil rights complaint, not raised through § 2241.").

[3] The Court has considered whether Vaughan's challenge to his PSF designation states a "potentially viable" conditions of confinement claim under *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971). *See Spencer*, 774 F.3d at 469-70 (8th Cir. 2014) (when a habeas petition asserts conditions of confinement claims that are not cognizable in habeas, before

4

IT IS HEREBY RECOMMENDED THAT Respondent Dewayne Hendrix's Motion to Dismiss, *Doc. 3*, be GRANTED and Petitioner Vaughan's § 2241 Petition for a Writ of Habeas Corpus, *Doc. 1*, be DISMISSED, without prejudice, for lack of habeas corpus jurisdiction.

Dated this 20th day of August, 2019.

_____
UNITED STATES MAGISTRATE JUDGE

---

dismissing the petition, the court should consider whether a petitioner raises a "potentially viable" constitutional claim and, if so, offer petitioner the opportunity to recharacterize the claim and to convert the action into a civil rights action).

Because Vaughan's challenge to his PSF designation does not constitute a potentially viable due process claim, it would be futile to offer Vaughan the opportunity to convert this case into a *Bivens* action. It would also impose a heavy and unnecessary financial burden on Vaughan, who would be required to pay the $350 civil filing fee required under the Prison Litigation Reform Act, 28 U.S.C. § 1915(b), rather than the $5.00 filing fee for a § 2241 habeas action. *See Moody v. Daggett,* 429 U.S. 78, 88 n. 9, 97 S. Ct. 274 (1976) (Generally, prisoners have no constitutionally protected liberty interest in their placement and classification while incarcerated). Numerous courts have rejected similar constitutional challenges to the BOP's PSF classification decisions. *Wilks v. Mundt*, 25 Fed. Appx. 492, 2002 WL 113837 (8th. Cir. 2002) (§ 2241 habeas petitioner's claim that BOP wrongfully refused to remove a Sex Offender PSF designation, thus making him ineligible to participate in a drug treatment program that could have resulted in his early release, "failed to implicate a protected liberty interest upon which he could base his procedural due process claim") (unpublished decision); *Marti v. Nash*, 227 Fed. Appx. 148, 150 (3rd Cir. 2007) (federal prisoner's challenge to his "Greatest Severity" PSF failed because had no due process right to any particular security classification) (unpublished decision); *Day v. United States Dep't of Justice*, 275 Fed. Appx. 90, 91 (3rd Cir. 2007) (district court did not err in rejecting federal prisoner's claim that assignment of PSF deprived him of liberty without due process: "[prisoner] had no liberty interest in the degree of his confinement") (unpublished decision).